# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **JERROLL M. SANDERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:05CV925SNL** |
| | ) | |
| **UNITED STATES CONGRESS and** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff has filed this cause of action seeking a court order striking the phrase "with liberty and justice for all" from this country's Pledge of Allegiance to the Flag, and $70,000,000.00 in damages for relying upon this phrase for all her life and "discover[ing] later in life that in America, justice is not provided to all.". This matter is before the Court on the defendants' motion to dismiss (#10), filed October 6, 2005. Responsive pleadings have been filed.

Plaintiff's "cause of action" has apparently arisen due to her dissatisfaction with the resolution of certain disputes with the Internal Revenue Service (IRS). She seeks to have the phrase "with liberty and justice for all" declared unconstitutional and stricken from the Pledge of Allegiance to the Flag because she considers it to be 1) fraudulent; 2) amounting to false advertising; and 3) improperly enacted by Congress. She seeks damages for relying upon this phrase throughout her life. Defendants seek dismissal for lack of standing, legislative and/or sovereign immunity, and for failing to state a claim upon which relief may be granted. After careful consideration of the matter, the parties' pleadings, and the relevant caselaw, the Court

finds that the plaintiff lacks standing to bring this cause of action and/or said action is barred by sovereign and legislative immunity.

## Standing

As a result of her disputes with the IRS, plaintiff claims injuries for "foregone settlement proceeds and the loss of her firm, good reputation, substantial personal income and almost everything else she worked a lifetime to accumulate due to the retaliation she sustained." *See*, Plaintiff's Memorandum in Support of Plaintiff's Response to Defendant's Motion to Dismiss (#12), pg. 3. Plaintiff asserts that her injuries are due to her reliance on the "fraudulent" promise of "liberty and justice for all" as that phrase is contained in the Pledge of Allegiance to the Flag. Plaintiff's Memorandum (#12), pg. 3.

Article III of the United States Constitution limits the jurisdiction of the federal courts to justiciable cases and controversies. United States Constitution, Art. III, §2; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992); Mosby v. Ligon, et. al., 418 F.3d. 927, 933 (8th Cir. 2005). This "case or controversy" restriction essentially requires a plaintiff to have standing to bring the action in federal court, and the dispute is not moot. In order to meet Article III's standing requirement, a plaintiff must show 1) that s/he suffered an "injury-in-fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; 2) a causal connection between the injury and the challenged action of the defendant; and 3) it is likely, not merely speculative, that the injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167, 180-81 (2000); Lujan, 504 U.S. at 560-61; Steger v. Franco, Inc., 228 F.3d. 889, 892 (8th Cir. 2000); Park v. Forest Service of the United States, 205 F.3d. 1034, 1037 (8th Cir. 2000); *see also*, International Association of Firefighters of St. Louis, Franklin and Jefferson Counties, Local 2665, et. al. v. City of Ferguson, et. al., 283

F.3d.969, 973 (8th Cir. 2003). "To satisfy this `injury-in-fact' requirement, a plaintiff seeking prospective relief against future conduct of defendants who caused injury in the past must show that she faces `a real and immediate threat that she would again suffer similar injury in the future.'" Mosby, at 933 *citing* Park, at 1037 (internal quotations and brackets omitted). It is the plaintiff's burden to establish each and every element of standing. "Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of the evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561; Park, at 1037 *quoting* Lujam, *supra.*

As stated before, an "injury-in-fact" is a harm that is "concrete and particularized" and "actual or imminent" and not "conjectural or hypothetical". "The plaintiff must show that he or she `sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and [that] the injury or threat of injury [is] both real and immediate . . ." Steger, at 892 *quoting* City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)(internal quotations omitted); *see also*, International Assoc. of Firefighters of St. Louis, Franklin and Jefferson Counties, Local 2665, at 973.

After careful consideration, the Court finds that plaintiff lacks Article III standing because she has not suffered a legally cognizable injury. Plaintiff's claim is that she was injured because she believed in the words "liberty and justice for all" as contained in the Pledge of Allegiance. The fact that the Pledge exists and is codified in the United States Code and plaintiff believed in it is not the kind of individualized, direct and concrete injury required for Article III standing. Whatever injury plaintiff has suffered is the direct result of her dispute with the IRS. The Pledge of Allegiance did not "cause" her to engage in acrimonious settlement discussions with the IRS.

Assuming that plaintiff has suffered some financial setbacks due to her encounter with the IRS, such alleged injuries are not traceable to the Pledge of Allegiance. Finally, even if this Court had the power to strike the words "with liberty and justice for all" from the Pledge of Allegiance, any such order would not redress any injuries plaintiff may have suffered out of her dispute with the IRS.

Plaintiff seeks redress for her past interactions with the IRS. Her complaint does not sufficiently allege a "real and immediate threat of repeated injury". <u>Mosby</u>, at 933 *quoting* <u>O'Shea v. Littleton</u>, 414 U.S. 488, 496 (1974). She alleges a variety of "judicial errors" as she attempted to sue several people in connection with her contractual dispute with the IRS. Essentially, she is unhappy with the legal system of this country because she has not received the attention or relief she wants in connection with her contractual dispute with the IRS. Such discontent is not a "real and immediate threat of repeated injury". *See*, <u>Diamond v. Charles</u>, 476 U.S. 54, 62 (1986)(The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements."); *see also*, <u>Smith v. Eagleton</u>, 455 F.Supp. 403, 406, n.2 (W.D.Mo. 1978)("In a society of 215,000,000, it can fairly be said that every governmental action is irritating or inconvenient to some group of citizens. Subjective displeasure with governmental action, however, cannot be construed as an `injury in fact', <u>Data Processing Service v. Camp</u>, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d. 184 (1970), sufficient to create standing.").

## Legislative Immunity

It is well-established that the Speech and Debate Clause of the Constitution, Art. I, §6, cl.1. immunizes Congressmen from suits for either prospective relief or damages. <u>Supreme Court of Virginia, et. al. v. Consumers Union of the United States, Inc., et. al.</u>, 446 U.S. 719, 731

(1980); Eastland v. United States Servicemen's Fund, 421 U.S. 491, 502-03 (1975). The Speech and Debate Clause precludes private individuals from instituting lawsuits based on actions which occur within the "legitimate legislative sphere". Eastland, 421 U.S. at 503; Smith, at 405. "The purpose of this immunity is to insure that the legislative function may be performed independently without fear of outside interference." Supreme Court of Virginia, 446 U.S. at 731 *citing* Eastland, *supra.*

Plaintiff's claim(s) against the United States Congress is barred on the grounds of legislative immunity as embraced by the Speech and Debate Clause of the United States Constitution.

## Sovereign Immunity

It is well-established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Testan, 424 U.S. 392, 399 (1976); U.S. v. Sherwood, 312 U.S. 584, 586 (1941); In re Russell, 155 F.3d. 1012 (8th Cir. 1998); Miller, et. al. v. Tony and Susan Alamo Foundation, et. al., 134 F.3d. 910, 915-16 (8th Cir. 1998); Jones v. IRS, 216 F.Supp.2d. 955, 958 (D.Neb. 2002) *aff'd* 60 Fed.Appx. 642 (8th Cir. 2003)(unpublished). "The jurisdictional bar of sovereign immunity operates when a suit threatens to impose liability on the United States for money or property or to engender some form of coercive injunctive relief." Jones, 216 F.Supp.2d. at 958 *citing* Dugan v. Rank, 372 U.S. 609, 620 (1963).

A waiver of sovereign immunity must be unequivocally expressed in statutory text. United States v. Nordic Village, Inc., 503 U.S. 30, 37 (1992); United States v. King, 395 U.S. 1, 4 (1979); United States v. Hall, 269 F.3d. 940, 943 (8th Cir. 2001). Plaintiff asserts jurisdiction

pursuant to 28 U.S.C. §1331, the general grant of civil federal question jurisdiction to the district courts for actions arising under the Constitution, laws, or treaties of the United States.  However, "§1331 does not, in and of itself, create substantive rights in suits brought against the United States.  Thus, if §1331 is to be used to secure relief against the United States, it must be tied to some additional authority which waives the government's sovereign immunity."  Sabhari v. Reno, 197 F.3d. 938, 943 (8th Cir. 1999).  Plaintiff Sanders has failed to cite to this Court any basis for waiver of sovereign immunity other than §1331.  Thus, plaintiff's claims against the United States and the United States Congress are barred by the sovereign immunity doctrine.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (#10) be and is **GRANTED.** Plaintiff's amended complaint is hereby **DISMISSED WITH PREJUDICE** in its entirety.

Dated this __10th___ day of November, 2005.

_____

SENIOR UNITED STATES DISTRICT JUDGE